IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| ALAN WAYNE WILLIAMS,<br><br>Petitioner,<br><br>vs.<br><br>LYNN GUYER, TIM FOX,<br><br>Respondents. | Cause No. CV 19-12-GF-DLC-JTJ<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

On February 22, 2019, Petitioner Alan Wayne Williams, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]

Williams alleges that he is currently serving an illegal sentence because the State of Montana has unlawfully taken away credit for his street time which has, in turn, extended the sentence(s) he is serving beyond the maximum time allowed. See, (Doc. 1 at 4, ¶13(A)). Williams asserts the purportedly unlawful taking of his street time contradicts federal law because his valid discharge date has been set aside and extended following his revocation. *Id*. at 5, ¶13(B).

---

[1] Under the "prison mailbox rule" of *Houston v. Lack*, 487 U.S. 266 (1988), a prisoner's federal habeas petition is deemed filed when presented to prison authorities for mailing to the district court.

1

Williams asks this Court to discharge his sentence in accordance with Montana law because his discharge date is past due. *Id*. at 7, ¶16.

## I.     Background

The Montana Supreme Court recently summarized Williams' state procedural history in its denial of his state habeas corpus petition as follows:

> In March 1999, the Tenth Judicial District Court, Fergus County, sentenced Williams for felony forgery to a twenty-year term with ten years suspended. The District Court also credited Williams with forty-six days of time served prior to sentencing. Williams served time at Montana State Prison (MSP) from March 23, 1999 to June 4, 2003. Our previous Order detailed the calculation of his discharge date:
>
>> He filed postconviction claims that were ultimately settled by way of a stipulation between Williams and the State that provided that Williams would be resentenced on his forgery conviction in exchange for a waiver of his postconviction claims. Pursuant thereto, Williams was resentenced on May 27, 2003[,] to 20 years, with all time suspended. The District Court ran this sentence from the date of the original imposition, or March 23, 1999. Again, Williams was credited for the 46 days he served prior to his original sentencing, but the order did not mention the time Williams had actually served in MSP.
>>
>> Multiple revocation proceedings followed that engendered various detention times for Williams. On March 24, 2014, Williams' suspended sentence (which was the resentence imposed on May 27, 2003) was revoked and he was committed to the [DOC] "to serve the remaining time" of his sentence. Referring to prior revocation orders, the District Court denied credit for "street time" from April 15, 2012 to May 1, 2013, but granted credit for the original 46 days and for the times Williams was detained on prior revocation petitions (119 + 108 = 227 days). Then, in an amended judgment dated April 14, 2014, the District Court clarified that Williams would receive credit for the time he served in MSP from March 23, 1999 to June 4, 2003, or 1580 days. All of Williams' credit totaled 1853 days, a total Williams concurs in,

> or approximately 5.07 years of credit.
>
> While the Department calculates Williams' discharge date to be February 27, 2020, Williams argues that it should be January 27, 2015, a little over 5 years earlier. However, Williams is double-counting his total credit for time served, which can easily be seen by viewing his sentence in overview. Williams is serving a 20-year sentence that began in March 23, 1999. Giving him credit for the *entirety* of the time within the 20-year period following his sentence would put his discharge date at March 23, 2019 (Williams dos not qualify for the former benefit of "good time"). However, Williams was denied credit for "street time" between April 15, 2012 and May 1, 2013, a period of about one year and 16 days. Thus, that period must be added to the time, pushing the date out to April 2020. Then, the 46 days of credit Williams received prior to his original sentencing is subtracted from his sentence, bringing his discharge date back to February 2020, as the Department so states.

*Williams v. Berkebile*, No. OP 15-0135, Order, at 1-2 (Mont. Apr. 29, 2015) (emphasis in original). Williams now contends his sentence has improperly been "extended to 21 years and 25 days" by way of the DOC's calculation of his discharge date to be February 27, 2020. Citing to § 46-18-203(7)(a)(iii), MCA, in regard to elapsed or "street" time, Williams argues his sentence is illegal because he is serving more time than originally sentenced. He also notes he was granted parole in December 2016, and that his parole was revoked in December 2018. He is currently incarcerated at MSP. He asserts a "constitutional liberty interest" in his personal calculation of his discharge date of January 31, 2019, which he argues should be honored.

*Williams v. Guyer*, OP 19-0059, 2019 WL 579636, at *1–2 (Mont. Feb. 12, 2019).

The Court determined the district court properly denied Williams credit for street time pursuant to Mont. Code Ann. §46-18-203(7)(b)(2103).[2] The Court

---

[2] This statute provides:

> If a suspended or deferred sentence is revoked, the judge shall consider any

3

noted the district court's sentencing order expressly denied such credit and found Williams "was in violation of the terms of the underlying judgment. *Id*. at * 3. The Court determined that Williams calculation of his discharge date did not factor in this denial of street time and, accordingly, his fixed discharge date was properly set at February 27, 2020. *Id*. Williams was not entitled to habeas relief.

**II.     Analysis**

A petitioner may seek federal habeas relief from a state court conviction or sentence only if he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); *Swarthout v. Cooke*, 562 U.S. 216, 219 (20110 (per curiam); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Matters relating solely to the interpretation and/or application of state law generally are not cognizable in federal habeas review.

Generally, a challenge to a state court's application of state sentencing laws does not create a federal question that is cognizable on federal habeas review. See e.g., *Lewis v. Jeffers*, 497 U.S. 764, 780 (199)("federal habeas corpus relief does not lie for errors of state law"). See also, *Hendricks v. Zenon*, 993 F. 2d 664, 674 (9th Cir. 1993)(as amended)(finding petitioner's claim was "exclusively concerned

---

elapsed time and either expressly allow all or part of the time as a credit against the sentence or reject all or part of the time as credit. The judge shall state the reasons for the judge's determination in the order.

with state law and therefore not cognizable in a federal habeas"). Thus, "[a]bsent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief." *Christian v. Rhode*, 41 F. 3d 461, 469 (9th Cir. 1994).

As set forth above, the Montana Supreme Court determined the district court properly denied Williams credit for street time and that his discharge date had been calculated correctly. Williams has not demonstrated that any purported sentencing error was "so arbitrary or capricious as to constitute and independent due process or Eighth Amendment violation." See, *Richmond v. Lewis*, 506 U.S. 40, 50 (1992). At most, Williams has simply established that he disagrees with the Montana courts' determination. Thus, Williams' sentencing error claim fails to present a cognizable claim for this court to review. *Estelle*, 502 U.S. at 67-68.

Moreover, it is not the province of this Court to second guess state law determinations on state law questions. The Montana Supreme Court is the highest authority in the land—superior even to the United States Supreme Court—on the content and meaning of Montana law. *See, e.g.*, *Estelle*, 502 U.S. at 67-68 (1991) ("Today we reemphasize that it is not the province of a federal habeas court to reexamine state court determinations on state law questions."); *Wisconsin v. Mitchell*, 508 U.S. 476, 483 (1993) ("There is no doubt that we are bound by a state court's construction of a state statute.").

To the extent that Williams relies upon *Roberts v. United States*, 320 U.S. 264 (1943), for the proposition that the state court could not "set aside a valid discharge date and extend it upon revocation," *Roberts* is inapplicable to Williams' case. *Roberts* involved a federal prosecution for violation of a federal statue; it does not apply to individuals convicted of state offenses and supplies no constitutional ruling.

In *Roberts*, the defendant was sentenced to two years in federal prison, but the sentence was suspended upon the condition of payment of a fine; Roberts was released on probation for a term of five years. Following a violation of the conditions of his probation, the district court revoked Roberts' probation, set aside the original two-year sentence and imposed a sentence of three years incarceration. Roberts challenged the power of the district court to increase his sentence under the Probation Act, 18 U.S.C. §§724-28. He also argued the Probation Act violated the Fifth Amendment prohibition against double jeopardy if the district court was granted such power. See, *Roberts*, 320 U.S. at 265. The Court granted Roberts relief based upon the construction of the statue and the authority Congress granted to the district court under the federal sentencing statute, but it did not endorse Roberts' constitutional argument. The Court noted Congress "conferred upon the courts the power to decide in each case whether to impose a definite term of imprisonment in advance of probation or to defer the imposition of sentence, the

6

alternative to be adopted to depend upon the character and circumstances of the individual offender." *Id*. at 272. Accordingly, *Roberts* provides no federal constitutional principle which the state court had to follow in sentencing Williams, nor does it support his contention that the sentence he received was illegal.

### III. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

A certificate of appealability should be denied because Williams has failed to demonstrate the denial of a constitutional right and there is no basis to encourage further proceedings at this time. Williams' claims are not cognizable in federal habeas.

Based on the foregoing, the Court makes the following:

## RECOMMENDATION

1. The Petition (Doc. 1) should be DENIED for lack of merit.

2. The Clerk of Court should be directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Williams may object to this Findings and Recommendation within 14 days.[3] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

Mr. Williams must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address." Failure to do so may result in dismissal of his case without notice to him.

DATED this 6th day of June, 2019.

                     */s/ John Johnston*
                     John Johnston
                     United States Magistrate Judge

---

[3] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Williams is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.